IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINCENT B. FRIEMEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0230 |
| | § | |
| NATHANIAL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On August 8, 2005, petitioner VINCENT B. FRIEMEL filed, in the United States Court for the Southern District of Texas, a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state judgment of conviction or sentence. Such petition was transferred to this Court and received on August 15, 2005. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On January 20, 2003, in the 69th Judicial District Court of Moore County, Texas, petitioner was indicted for the second degree felony offense of driving while intoxicated, said offense alleged to have been committed on August 23, 2002. *State v. Friemel*, Case No. 3331. On September 29, 2003, pursuant to a plea bargain with an agreed punishment recommendation, petitioner entered a

plea of guilty to the charged offense.  The trial court accepted petitioner's plea, found petitioner guilty of the offense of driving while intoxicated, assessed punishment, pursuant to the agreed recommendation, at five (5) years confinement in the Texas Department of Criminal Justice, Institutional Division, and a $1,500 fine, and entered judgment.  Petitioner's 5-year term of confinement, however, was suspended and petitioner was placed on probation for a period of five (5) years pursuant to the agreed sentence recommendation.  As a part of his guilty plea, petitioner waived his right to appeal his conviction and sentence.

On March 11, 2004, the state filed a motion to revoke petitioner's probation for violations of the terms and conditions of probation.  On April 28, 2004, petitioner, pursuant to a plea agreement, entered a plea of true to the allegations made in the motion to revoke.  On that same date, the trial court, pursuant to the agreed punishment recommendation, entered an order revoking petitioner's probation and sentencing petitioner to a term of four (4) years confinement in the Texas Department of Criminal Justice, Institutional Division and eliminating the fine previously imposed.

On December 7, 2004, petitioner, acting *pro se*, filed an application for a state writ of habeas corpus with the trial court challenging his original conviction.  On February 9, 2005, the Texas Court of Criminal Appeals denied petitioner's application for a writ of habeas corpus without a written order.  *Ex parte Friemel*, No. 61,149-01.  On August 8, 2005, petitioner filed the instant petition for a federal writ of habeas corpus challenging only the constitutionality of his original conviction.[1]  Petitioner does not challenge the probation revocation by his habeas application.

II.

---

[1] A federal petition is considered filed on the date it is placed in the prison mail system.  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  However, in this case, petitioner did not complete the dated portion of the petition.  Therefore, for purposes of this Report and Recommendation, the undersigned will use the date the petition was received in the Southern District court.

<u>PETITIONER'S ALLEGATIONS</u>

By his habeas application, petitioner contends his conviction and sentence are unconstitutional because:

> Petitioner's conviction was obtained as a result of an indictment handed down by a grand jury of which the foreman was biased against petitioner, personally knew petitioner and his criminal history as a juvenile, and substantially influenced the grand jury's decision to indict petitioner, resulting in an invalid indictment.

III.
<u>EXHAUSTION OF STATE COURT REMEDIES</u>

Respondent concedes petitioner has sufficiently exhausted his state court remedies with regard to the claims he raises in the instant federal habeas application.  After reviewing the state court records, it is the opinion of the undersigned Magistrate Judge that the grounds raised in petitioner's federal habeas application have, in fact, been exhausted.

IV.
<u>STATUTE OF LIMITATIONS</u>

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court.  That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the act. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

V.
TIME BAR

Petitioner challenges the charging document, *i.e.*, the indictment, which resulted in his September 29, 2003 conviction and sentence. Under Texas law, a defendant placed on "regular" community supervision may raise issues relating to the conviction, only in appeals taken when community supervision is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 662 (Tex.Crim.App. 1999) (citations omitted). Therefore, petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the "Judgment of Conviction; Sentence Suspended; Placement on Community Supervision" entered by the state trial court on September 29, 2003. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Therefore, petitioner's judgment became final upon the expiration of the time period in which to file his Notice of Appeal, or October 29, 2003.

Pursuant to 28 U.S.C. § 2244, petitioner was thus afforded one year from October 29, 2003, or until October 29, 2004, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. *Cf. Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) (an order of straight probation

is a final judgment for purposes of the AEDPA 1-year statute of limitations).  Petitioner filed his state petition for habeas relief on December 7, 2004, after the expiration of the 1-year time period. Consequently, petitioner's state habeas application failed to toll the statute of limitations.

Petitioner filed the instant federal habeas application on August 8, 2005, far beyond the expiration of the October 29, 2004 deadline.  In his response to respondent's answer, petitioner appears to possibly assert an "equitable" tolling claim by asserting "on numerous occasions [he] attempted to obtain information of proving the true identify of David Hawkins [the purported unlawful grand juror], his previous occupation, and his relationship to the petitioner due to [his] previous occupation . . .[in order] to prove beyond a reasonable doubt that David Hawkins knowingly and intentionally perjured himself against petitioner."  As evidence of such attempts, petitioner attaches a copy of a July 6, 2005 letter requesting information on "David Hawkins, a Juvenile Police Officer," and referencing a previous request of June 15, 2005.  These dates are beyond the expiration of petitioner's 1-year deadline for filing a federal habeas application challenging his conviction.  Petitioner has not demonstrated any valid basis for equitable or statutory tolling of the limitation period.  Consequently, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application is time barred, and should be dismissed as time barred.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner VINCENT B. FRIEMEL be DISMISSED as time barred.

VII.
INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of July 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).